# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:21-cr-294(2) |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| HARRISON HUMPHRIES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

Harrison Humphries pled guilty to participating in a conspiracy to possess with intent to distribute oxycodone and fentanyl in violation of 21 U.S.C § 846 (Count 1). On June 7, 2022, the Court sentenced Mr. Humphries to 87 months in prison. This sentence was based on a total offense level of 27 and criminal history category of III—which yielded an advisory guideline range of 87 to 108 months—and the factors set forth in 18 U.S.C. § 3553(a).

Under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, Mr. Humphries moved for a reduction in his sentence. (ECF No. 213.) The United States opposes the motion. (ECF No. 214.)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the Sentencing Guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3582(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Mr. Humphries seeks a reduction in sentence because, under the Guidelines as amended, he receives zero additional status points in his criminal history instead of two. (ECF No. 213, PageID #1509.) Effective November 1, 2023, the Amendment has retroactive effect. *See* U.S.S.G. § 1B1.10(d) & (e)(2). Application of the Amendment lowers Mr. Humphries's criminal history points from 6 to 4. But this change does not affect Mr. Humphries's criminal history category because 4 criminal history points still place him within category III. As a result, the same guideline range applies: 87 to 108 months.

A defendant is not eligible for a sentence reduction if applying the retroactive amendment does not lower the defendant's guideline range. U.S.S.G. § 1B1.10(a)(2)(B); *see also* 18 U.S.C. § 3582(c)(2) ("[A] defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently *lowered*" may move to reduce the term of imprisonment.). Because the amendment does not change Mr. Humphries's criminal history category, he is not eligible for a sentence reduction. Therefore, the Court **DENIES** Mr. Humphries's motion to reduce his sentence.

**SO ORDERED.**

Dated: May 16, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio